## SONNIER v. BOURQUE.

### No. 2078.

Court of Appeal of Louisiana. First Circuit.
March 4, 1940.

Modisette & Adams, of Jennings, for appellant.

R. H. Agate, Jr., of Welsh, for appellee.

LE BLANC, Judge.

This suit originated in the Sixth Ward Justice Court of the Parish of Jefferson Davis as an action for ejectment.

In his petition to that court the plaintiff alleged that the defendant was his tenant "at will", occupying the premises known as Bourque's Place on Russell Avenue in the Town of Welsh, Louisiana. He averred that he had allowed the defendant to occupy the premises since December, 1931, upon the payment of a reasonable rental which he accepted from time to time, but which has never amounted to the sum of $100 per year. He then alleges that defendant has not been paying any rent for two years or more and that although he has been given many notices to vacate the premises, both in writing and verbally, he has absolutely refused to leave and therefore it has become necessary to institute this summary proceeding to dispossess him.

Defendant filed an exception to the jurisdiction of the court ratione materiae and also an exception of no right or cause of action. Both these exceptions, as well as the answer of the defendant found in the record, were apparently all filed on the same day. The exceptions seem to raise the same issues, that is, that the action for ejectment is not the proper proceeding as there is no relation of landlord and tenant existing between the parties and that as the defendant claims to be the owner of the property under certain allegations set out in his answer, the contest is one involving the right of property or the possession of an immovable, and therefore the Justice of the Peace Court is without jurisdiction. In the answer is set out the manner in which defendant claims to be the owner of the property. He alleges in effect that in the year 1931, he borrowed the sum of $344.47 from the plaintiff and as security therefor mortgaged the property involved in this contest, the mortgage being in the form of a deed with power of redemption which power of redemption is in a separate act. He avers that he has been constantly in possession of the property ever since and is now in the undisputed possession thereof as owner. He avers further that he has made payments to the plaintiff on account of his obligation, and holds receipts therefor, some of which are dated long after the date fixed for the redemption of the property. He sets out further that the amount borrowed by him from the plaintiff and the balance still due by him is less than one-fourth of the value of the property, and that neither he nor the plaintiff ever intended the transaction between them to be a sale of the property but merely one whereby he mortgaged the same to the plaintiff as security for the debt which he had incurred.

The Justice of the Peace held that the suit was one strictly for ejectment, and, on the showing made by the plaintiff, rendered judgment in his favor, ordering a writ of possession to issue against the defendant. From that judgment the defendant appealed to the Fourteenth Judicial District Court of the Parish of Jefferson Davis.

before which court the suit was tried de novo, as properly it should have been under Article 1129 of the Code of Practice, and judgment was again rendered in favor of the plaintiff, condemning defendant to vacate the premises and to deliver possession thereof to the plaintiff. The district judge also properly ordered that his judgment be remanded to the Justice Court from which it had been appealed, for execution. See Article 1137, Code of Practice. The defendant applied for a new trial in the district court which was refused, whereupon he asked for and obtained, an order for appeal to this court which he has perfected.

 In this court plaintiff has moved for the dismissal of the appeal on several grounds, but he failed to ask for its dismissal on the ground for which we have decided to decline jurisdiction. Under the well-settled jurisprudence, this court will take notice of its lack of jurisdiction and dismiss the appeal ex proprio motu.

The district court was the court vested with appellate jurisdiction in this case and the appeal was properly taken to the Fourteenth Judicial District Court in and for the Parish of Jefferson Davis where the case was disposed of. Section 36, Article VII of the Constitution of 1921, reads as follows: "The District Courts shall have jurisdiction of appeals from justices of the peace from orders requiring peace bonds, and of all civil matters regardless of the amount in dispute, except cases where immovable property, either separately or in conjunction with movable property, is claimed as a homestead. * * *" There is no claim of homestead involved in this suit, and as the matter involved was one of a civil nature the district court was the court vested with appellate jurisdiction. Article 1128 et seq. of the Code of Practice regulate the procedure of such appeals, and, as already herein stated, under Article 1137, the appellate judge, whether he reverses or confirms the judgment, must remand it for execution to the justice below. This indicates that the judgment of the district court on appeal is the final judgment in the case and execution must take place according to its decree. If the party cast therein could appeal from that judgment to an appellate court, he would then have the advantage as the defendant seeks in this case, of having had two different appeals to two different courts, a right of course which is not contemplated under the law.

If the party cast by the judgment rendered on appeal in the district court is not satisfied, he is not left entirely without remedy as undoubtedly he has the right to invoke the supervisory jurisdiction of the proper tribunal, whether it be the Supreme Court or the Court of Appeal (in the event he seeks to invoke the jurisdiction of the latter court in aid of its appellate jurisdiction), by proper writs. That was the remedy of the defendant in this case, and, in our opinion, he was not entitled to come before this court, as he is presently here, on appeal.

For these reasons, we feel compelled to decline jurisdiction of the case on appeal, and it is now ordered that the appeal be dismissed at the costs of the defendant.